# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Wayne Collins, | Case No. 2:21-cv-01515-JAD-NJK |
| Plaintiff | |
| v. | |
| Nevada Department of Corrections, et al., | **Order Screening**<br>**First Amended Complaint** |
| Defendants | [ECF Nos. 1, 1-2, 3, 6] |

Plaintiff Ronald Wayne Collins brings this civil-rights action under 42 U.S.C. § 1983, claiming that his civil rights were violated during his time at High Desert State Prison (HDSP). Although Collins applies to proceed *in forma pauperis*, he has also moved for an order compelling the Nevada Department of Corrections (NDOC) to pay the full filing fee from his primary trust account.[1]  I deny both the application to proceed *in forma pauperis* and the motion to compel NDOC to pay the full filing fee from the primary trust account.  I now screen Collins's first amended complaint[2] under 28 U.S.C. § 1915A and, having done so, I find that he has failed to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20, so I dismiss the first amended complaint in its entirety.  I also deny Collins's motion for leave to file a second amended complaint[3] because his proposed pleading suffers from the same defects as the operative

---

[1] ECF Nos. 1, 1-2.

[2] An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).  Thus, the operative complaint here is the first amended complaint. ECF No. 5. And because the first amended complaint governs, I deny as moot Collins's motion to correct the name of defendant Nickolus in the original complaint.  ECF No. 3.

[3] ECF No. 6.

complaint.  I give Collins until June 3, 2022, to pay the full filing fee and file a third amended

complaint that complies with the Federal Rules of Civil Procedure.

### Background[4]

Collins's 43-page first amended complaint describes a series of apparently unrelated

events that took place at HDSP between 2019 and 2021.  For example, Collins alleges that in

December 2019, Correctional Officer (C/O) Cristina Carmona falsely wrote him up for sexual

harassment after he complained about her failure to accommodate his leg condition during his

morning shower.[5]  Collins separately alleges that in June 2021 an unidentified C/O hung up

Collins's phone while he was talking to an attorney.[6]  When Collins complained to the C/O's

supervisor, the C/O falsely wrote him up for unauthorized phone use and tampering with a lock.[7]

Collins also alleges that, for two years, defendants Dean Whirley, Gregory Bryan, and various

Jane and John Doe nurses refused to treat a rash that caused him "a great deal of pain."[8]

Additionally, Collins complains that several defendants denied him pain medication for lower

back issues, forcing him to use alcohol and methamphetamine as pain relievers instead.[9]

Based on these events, Collins sues NDOC, Cristina Carmona, Richard Linford, Gregory

Bryan, Monique Hubbard Pickett, George Delezairo, Nurse Nickolus, Joseph Dugan, Dr.

Manalang, Frank Dreesen, Dean Whirley, Dr. Wilson, Dr. Rivas, William Oblak, and Michael

---

[4] This is merely a summary of facts alleged in the first amended complaint and should not be construed as findings of fact.

[5] ECF No. 5 at 8-11.

[6] *Id.* at 18.

[7] *Id.*

[8] *Id.* at 20-21.

[9] *Id.* at 34-37.

Minev, and various John and Jane Does.[10]  Collins asserts violations of the First, Eighth, and

Fourteenth Amendments, and claims that defendants violated the Americans with Disabilities

Act.[11]  He seeks monetary and injunctive relief.[12]

**Discussion**

**A.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or an officer or employee of a governmental entity.[13]

In its review, the court must identify any cognizable claims and dismiss any claims that are

frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief.[14]  All or part of the complaint may be

dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes

claims based on legal conclusions that are untenable, like claims against defendants who are

immune from suit or claims of infringement of a legal interest which clearly does not exist, as

well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[15]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot

prove any set of facts in support of the claim that would entitle him or her to relief.[16]  In making

this determination, the court takes all allegations of material fact as true and construes them in

---

[10] *Id.* at 1-6.

[11] *Id.* at 6-39.

[12] *Id.* at 42-43.

[13] *See* 28 U.S.C. § 1915A(a).

[14] *See* 28 U.S.C. § 1915A(b)(1)(2).

[15] *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[16] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

the light most favorable to the plaintiff.[17]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[18] but a plaintiff must provide more than mere labels and conclusions.[19]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[20]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

**B.   Screening Collins's first amended complaint**

I dismiss Collins's first amended complaint in its entirety without prejudice and with leave to amend because it does not comply with the Federal Rules of Civil Procedure.  I deny Collins's motion for leave to file a second amended complaint for the same reason.  I now advise Collins of the following requirements under the Federal Rules of Civil Procedure in order to help him file a properly formatted third amended complaint.  Collins is advised that the failure to comply with these rules when drafting and filing his third amended complaint may result in this action being dismissed.

In order to proceed with this case, Collins must file a third amended complaint, and that complaint must contain "a short and plain statement of the claim showing that [Collins] is entitled to relief."[22]  "Each allegation must be simple, concise, and direct."[23]  "A party must state

---

[17] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[18] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[21] *Id.*

[22] Fed. R. Civ. P. 8(a)(2).

[23] Fed. R. Civ. P. 8(d)(1).

1    its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

2    circumstances."[24]  "[E]ach claim founded on a separate transaction or occurrence . . . must be

3    stated in a separate count."[25]

4         Collins is cautioned that the function of a complaint is not to list every single fact relating

5    to his claims.  If Collins wishes to amend the operative complaint, he must set forth his claims in

6    a simple, concise, and direct manner in order to meet the requirements of Rule 8.  A basic

7    lawsuit is a single claim against a single defendant.  Rule 18(a) allows a plaintiff to add multiple

8    claims to the lawsuit when they are against the same defendant.  Rule 20(a)(2) allows a plaintiff

9    to join multiple defendants to a lawsuit if the right to relief arises out of the same "transaction,

10   occurrence, or series of transactions" and "any question of law or fact common to all defendants

11   will arise in the action."  However, **unrelated claims that involve different defendants must**

12   **be brought in separate lawsuits**.[26]  This rule is not only intended to avoid confusion that arises

13   out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their

14   lawsuits and prevent inmates from circumventing the three strikes rule under the Prison

15   Litigation Reform Act.[27]

16        I advise Collins that each claim that is raised in his third amended complaint must be

17   permitted by either Rule 18 or Rule 20.  Collins may state a single claim against a single

18   defendant.  He may then add any additional claims to his action that are against the same

19

---

20   [24] Fed. R. Civ. P. 10(b).

21   [25] *Id.*

22   [26] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright,

23   all in different transactions—should be rejected if filed by a prisoner").

[27] 28 U.S.C. § 1915(g).

defendant under Rule 18.  Collins may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**.[28]  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

In his first amended complaint, Collins brings several different claims against several different prison officials that are unrelated and cannot proceed in a single action.  For example, Collins asserts (i) a First Amendment retaliation claim against Carmona for falsely accusing him of sexual harassment, and (ii) an Eighth Amendment claim against several other defendants for failing to ensure that he received treatment for a skin rash. Collins's proposed second amended complaint, which runs to 90 pages, suffers from the same defect.[29]  Indeed, the proposed pleading compounds the joinder issue by adding yet more defendants and claims.  If Collins elects to amend the operative complaint, he must choose which related claims he wishes to pursue in this action.  If Collins's third amended complaint sets forth unrelated claims that violate joinder rules, I will dismiss the claims I find to be improperly joined.

Finally, I provide additional guidance on the format of an amended complaint.  If Collins chooses to file a third amended complaint, he is advised that a third amended complaint replaces the operative complaint, so the third amended complaint must be complete in itself.[30]  He must file the third amended complaint on this court's approved prisoner-civil-rights form, and it must

---

[28] Fed. R. Civ. P. 20(a)(2).

[29] ECF Nos. 6-1, 6-2.

[30] *See Hal Roach Studios, Inc.*, 896 F.2d at 1546 (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

be entitled "Third Amended Complaint." Collins must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege **facts** sufficient to show what **each** defendant did to violate his civil rights. **He must file the third amended complaint by <mark>30 days</mark>**. If Collins does not file a third amended complaint by that deadline, I will dismiss this action without prejudice and close this case.

**C.    Application to proceed *in forma pauperis* and motion for order compelling NDOC to pay full filing fee from primary trust account.**

When he initiated this action, Collins applied to proceed *in forma pauperis* and also moved for an order compelling NDOC to pay the full filing fee from his primary trust account.[31] The information in the application indicates that Collins is ineligible to proceed *in forma pauperis*. It lists his current account balance as $8,264.25—more than enough to pay the $402 filing fee.[32] Moreover, Collins has indicated that he is willing to pay the full filing fee, albeit from his primary trust account.[33] So I deny Collins's application to proceed *in forma pauperis* and direct him to pay the $402 filing fee in full. **Collins must pay the full filing fee by June 3, 2022, in order for this action to proceed**. Alternatively, if Collins's financial situation has changed, he may submit a new application to proceed *in forma pauperis* with an inmate account statement for the past six months and a properly executed financial certificate demonstrating his indigent status.

---

[31] ECF Nos. 1, 1-2.

[32] ECF No. 1 at 3.

[33] ECF No. 1-2.

I deny Collins's motion to compel NDOC to pay the full filing fee from his primary trust account.[34]  I will not order NDOC to pay the filing fee from a particular inmate account.[35]  Collins is free, however, to pay the filing fee from the account from which NDOC normally withdraws filing fees for civil cases.

## Conclusion

IT IS THEREFORE ORDERED that:

- Collins's application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1] is DENIED**;

- Collins's motion for an order compelling NDOC to pay the full filing fee from his primary trust account **[ECF No. 1-2] is DENIED**; and

- Collins must pay the full filing fee of $402 to the Clerk of the Court by June 3, 2022 in order to proceed with this case.  If Collins's financial status has changed, he must demonstrate his indigent status by submitting a new application to proceed *in forma pauperis* with an inmate account statement for the past six months and a properly executed financial certificate to this court by June 3, 2022.

IT IS FURTHER ORDERED that the operative complaint is the first amended complaint [ECF No. 5].  The Clerk of the Court is directed to:

- **SEND** Collins the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his first amended complaint [ECF No. 5].

---

[34] *Id.*

[35] *See* NDOC Administrative Regulation 258.01 (discussing the four parts to a prisoner's personal property fund and explaining how the funds may be spent).

IT IS FURTHER ORDERED that:

- Collins's motion to correct defendant's name in claim three **[ECF No. 3] is DENIED as moot**; and

- Collins's motion for leave to file a second amended complaint **[ECF No. 6] is DENIED**.

IT IS FURTHER ORDERED that:

- The first amended complaint [ECF No. 5] is **DISMISSED** in its entirety without prejudice and **with leave to amend** to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20; and

- If Collins chooses to file a third amended complaint, he must use the approved form and he shall write the words "Third Amended" above the words "Civil Rights Complaint" in the caption. The third amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If Collins does not file a third amended complaint (and either pay the full filing fee or file a renewed application to proceed *in forma pauperis*) by June 3, 2022, I will dismiss this action without prejudice and close this case.**

Dated: May 4, 2022

_____

U.S. District Judge Jennifer A. Dorsey